FILED
United States Court of Appeals
Tenth Circuit

August 13, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHUEN JIN CHEN,

        Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

        Respondent.

No. 09-9508

Board of Immigration Appeals

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **MURPHY** and **McCONNELL**, Circuit Judges.

---

Chuen Jin Chen is a native and citizen of the People's Republic of China

who entered the United States in May 2004, at the age of 16, without a valid

passport or visa. The Board of Immigration Appeals ("BIA") affirmed the

Immigration Judge's ("IJ's") denial of her applications for asylum, withholding

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

on removal (also called restriction on removal) under the Immigration and Nationality Act (INA), and protection under the UN Convention Against Torture.[1] Exercising jurisdiction under 8 U.S.C. § 1252(a), we affirm the BIA's decision.

## I. BACKGROUND

When Ms. Chen arrived in the United States without documentation, a Department of Homeland Security ("DHS") officer conducted an airport interview, where she was under oath and provided with an interpreter. At that time, Ms. Chen repeatedly told the DHS officer that she was traveling alone and that her only intention for coming to the United States was to attend school. Following the airport interview, DHS issued a Notice to Appear alleging that Ms. Chen was an arriving alien who was inadmissible and removable without valid documents.

On April 6, 2005, Ms. Chen appeared before an IJ, conceded the allegations in the Notice To Appear, and applied for asylum, withholding on removal, and protection under the CAT. In her application, Ms. Chen described how, as a baby, her biological parents abandoned her, most likely due to China's coercive family planning policy and the rural custom for most families to want boys. Aplt. Br. 3. She further described an incident with local population-control authorities who were investigating her friend for apparent noncompliance with the

---

[1]Ms. Chen's brief fails to address her withholding of removal or convention against torture claims, which means they are waived. *See Tran v. Trustees of State Colleges in Colorado*, 355 F.3d 1263, 1266 (10th Cir. 2004).

one-child policy. *Id* at 4–5. During that confrontation, Ms. Chen unintentionally injured one of the population-control officers. Thereafter, despite being only 14, Ms. Chen left her home and hid for two years before her father arranged for her to be smuggled into the United States.

The IJ determined that Ms. Chen lacked credibility and denied relief; Ms. Chen sought review. In affirming the IJ's decision, the BIA did not find the IJ's factual findings to be clearly erroneous. Before this court, Ms. Chen makes three arguments: first, that she has established her refugee status under 8 U.S.C. § 1101(a)(42)(A); second, that the BIA's adverse credibility determination failed to account for the unreliability and limits of airport statements; and third, that she has given plausible explanations regarding her inability to remember the names of the villages where she was in hiding.

## II. DISCUSSION

### A. Eligibility for Asylum

A deportable alien may seek to remain in the United States by demonstrating that she qualifies for one or more of three statuses: asylum under 8 U.S.C. § 1158, withholding of removal under 8 U.S.C. § 1231(b)(3)(A), or relief under the CAT, 8 C.F.R. § 1208.16. To qualify for asylum, an alien must show that she "has suffered past persecution or has 'a well-founded fear of [future] persecution on account of race, religion, nationality, membership in a particular

social group, or political opinion.'" *Tulengkey v. Gonzales*, 425 F.3d 1277, 1280 (10th Cir. 2005) (quoting 8 U.S.C. § 1101(a)(42)(A)).

Ms. Chen asserts that she was unable or unwilling to return to China or to avail herself of China's protection because she had been persecuted, or was afraid she would be persecuted, due to her political opinion regarding China's one-child policy. *See Yuk v. Ashcroft*, 355 F.3d 1222, 1232 (10th Cir. 2004). To prove this, Ms. Chen must first demonstrate refugee status in one of three ways. She could demonstrate a well-founded fear of future persecution, past persecution that would give rise to that well-founded fear, or past persecution so extreme that she would qualify for humanitarian asylum. *Id.* at 1232–33. After establishing refugee status, Ms. Chen would then need to rely on the Attorney General's discretion as to whether to grant her asylum. *Id*. at 1233.

### B. Standard of Review

When reviewing BIA decisions, we review the BIA's decision as the final order of removal but "consult the IJ's opinion to the extent the BIA relied upon or incorporated it." *Sarr v. Gonzales*, 474 F.3d 783, 790 (10th Cir. 2007). We must "look to the record for 'substantial evidence' supporting the agency's decision: '[O]ur duty is to guarantee that factual determinations are supported by reasonable, substantial and probative evidence considering the record as a whole.'" *Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006)

(alteration in original) (quoting *Elzour v. Ashcroft*, 378 F.3d 1143, 1150 (10th Cir. 2004)).

An IJ's findings of fact are "conclusive unless the record demonstrates that any reasonable adjudicator would be compelled to conclude to the contrary." *Sviridov v. Ashcroft*, 358 F.3d 722, 727 (10th Cir. 2004). We do not "weigh the evidence or . . . evaluate the witnesses' credibility." *Woldemeskel v. I.N.S.*, 257 F.3d 1185, 1189 (10th Cir. 2001) (citations omitted). "Credibility determinations are factual findings . . . subject to the substantial evidence test." *Uanreroro*, 443 F.3d at 1204. "Because an alien's testimony alone may support an application for withholding of removal or asylum, the IJ must give specific, cogent reasons for disbelieving it." *Sviridov*, 358 F.3d at 727 (citing 8 C.F.R. § 208.13(a)) (internal quotations omitted). In formulating those reasons, the trier of fact must look to the "totality of the circumstances" and "all relevant factors." 8 U.S.C. § 1158(b)(1)(B)(iii). This Court will sustain an adverse credibility finding as long as the IJ has given specific, cogent reasons for disbelieving an applicant's testimony. *Ismaielv v. Mukasey*, 516 F.3d 1198, 1205 (10th Cir. 2008).

## C. Application

Ms. Chen contends she has proven that she is a refugee under 8 U.S.C. § 1101(a)(42)(A). As mentioned above, however, the IJ found that Ms. Chen lacked credibility. The major reason for that determination was the disparity among the facts stated in Ms. Chen's airport interview, her supplemental

affidavits, and her testimony. In particular, the IJ questioned Ms. Chen's failure during her airport interview to mention the Chinese family-planning policy and directed Ms. Chen to explain this discrepancy at her hearing. According to Ms. Chen, she did not disclose the man who smuggled her into the United States because she was afraid he would kill her father. Similarly, she did not disclose her intended reason for entering the United States because she was afraid the U.S. government would deport her.

The IJ found this testimony less than credible, given that Ms. Chen had been under oath during the airport interview and nothing she had said was pertinent to her eventual claim. Further, the IJ did not believe that, even after she was no longer in China, Ms. Chen failed to tell the DHS officers what had happened to her, especially given Ms. Chen's testimony that her father said the United States government would protect her. *See* IJO at 10. In summary, the IJ stated, "I think this young lady was telling the truth when she told the officers that the reason she came to the United States was to go to school." *Id.* at 13.

Ms. Chen's next argument is that the BIA failed to take into account the unreliability and limits of statements made during airport interviews. This is not correct. *See* BIA opinion at 2. The BIA explicitly considered whether the IJ was right to rely on Ms. Chen's airport statements in the course of an adverse credibility finding, following the guidance of other circuits that have addressed this issue. *Id.* Moreover, rather than argue that the airport interview violated her

-6-

due process rights, Ms. Chen argues that she was young, afraid, uneducated, and tired when she made the statements that conflict with her asylum application. These reasons go to the weight of the evidence but do not render the BIA's decision to consider her airport interview legal error.

The IJ also gave specific and cogent reasons for finding Ms. Chen to have been less than credible about her flight from the family planning officers. Despite two years in hiding, Ms. Chen did not know the names of the two villages where she was voluntarily hiding. The IJ reasonably found this difficult to believe. IJO at 12.

Ms. Chen argues that she has given plausible explanation regarding her inability to remember the names of villages where she was in hiding. This argument, however, lacks merit; plausible explanations are not enough to reverse an adverse credibility determination. *See Sviridov,* 358 F.3d at 727. Having been adjudged not credible by the IJ, Ms. Chen has the burden to point to evidence in the record such that any reasonable adjudicator would be compelled to conclude to the contrary. *Id.* Ms. Chen was given the opportunity to explain the inconsistencies in her story, provide letters or affidavits, or simply discover the name of the villages where she lived, but failed to do so.

The IJ gave specific and cogent reasons for disbelieving Ms. Chen's testimony. His credibility findings are substantially reasonable and supported by probative evidence. *See Ismaiel*, 516 F.3d at 1205. The BIA's decision is

similarly "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Yuk*, 355 F.3d at 1233 (quotation omitted).

## III. Conclusion

We therefore **AFFIRM** the BIA's dismissal of Ms. Chen's appeal from the IJ's decision.

Entered for the Court,

Michael W. McConnell
Circuit Judge